**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOANIE D. GILDOW,** | : | |
| | : | Case No. 2:15-CV-2558 |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | Magistrate Judge Kemp |
| **ACTING COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

### I. INTRODUCTION

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's March 29, 2016 **Report and Recommendation** (Doc. 16), recommending that the Court overrule Plaintiff's Statement of Errors (Doc. 11) and enter judgment in favor of the Commissioner. Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objection is hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**.

### II. BACKGROUND

Plaintiff Joanie Gildow applied for disability insurance benefits on May 12, 2011, alleging an onset date of disability of February 12, 2011. (Doc. 10-2 at 83.) After initial administrative denials, the Administrative Law Judge ("ALJ") conducted a video hearing on October 22, 2013. (*Id.*) The ALJ denied benefits on January 23, 2014, finding that Plaintiff had not "been under a disability within the meaning of the Social Security Act" from the date of alleged onset of disability through the date of the ALJ decision. (*Id.*) In the opinion denying

1

benefits, the ALJ conducted the required five-step sequential analysis for a disability-benefits claim. *See* 20 C.F.R. § 404.1520.[1] The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of February 12, 2011. (Doc. 10-2 at 85.) At step two, the ALJ found that Plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), sleep apnea, obesity, major depressive disorder, generalized anxiety disorder, and cannabis use. (*Id.*) At step three, the ALJ determined that the impairments did not, at any time, meet or equal one of the listed impairments described in 20

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled....

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled....

> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled....

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled....

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled....

20 C.F.R. § 404.1520(a)(4).

C.F.R. part 404, subpart P, appendix 1. Prior to step four,[2] the ALJ found that Plaintiff had the following residual functional capacity ("RFC") to perform light work:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit six hours and stand and/or walk two hours during an eight-hour workday. She can occasionally balance, stoop and kneel. She can never crouch, crawl or climb ladders, ropes, scaffolds, stairs or ramps. She must avoid concentrated exposure to humidity, fumes, odors, dusts, gases, poor ventilation. She must avoid all exposure to hazards such as unprotected heights and dangerous machinery. She can understand, remember and carry out a two-step command involving simple instruction that is simple and repetitive in nature. She is limited to only superficial interaction with others.

(Doc. 10-2 at 88.) With these restrictions, at step four the ALJ found that Plaintiff was not capable of performing past relevant work as a bartender/cashier, grill cook, domestic service companion and fast-food sandwich maker because these jobs require the ability to stand and/or walk greater than two hours during an eight-hour work day. (*Id*. at 94.) At step five, the ALJ determined that, taking into account her age, education, work experience, and RFC, Plaintiff was capable of performing the three sedentary jobs of assembler, folder, and food sorter. (*Id*. at 95.)

Plaintiff timely appealed the decision. (*Id*. at 2.) On May 7, 2015, the Appeals Council adopted the ALJ's decision as the Commissioner's final decision and denied Plaintiff's Request for Review. (*Id*.) The council also ordered that Plaintiff's administrative record be updated to include records from a walk test and an examination by a pulmonologist, Dr. Lee, on January 7, 2014. (*Id*. at 6.) This additional evidence pertained to the period after the ALJ hearing yet was added to the record because the test was performed prior to the ALJ's decision on January 23, 2014. (*Id*.)

---

[2] "Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps." 20 C.F.R. § 404.1520(a)(4); *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 28 n.3 (6th Cir. 2009).

3

Plaintiff filed a complaint in this Court, alleging in her Statement of Errors that the ALJ erred by rejecting the opinion of a treating source regarding the medical necessity of supplemental oxygen and by failing to include supplemental oxygen as a restriction in the RFC finding. (Doc. 11 at 6.) On March 29, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that this Court overrule Plaintiff's objection. (Doc. 16 at 10.)

Plaintiff objected to the Magistrate Judge's Report and Recommendation. (Doc. 17 at 2-4.) The relevant facts concerning the Plaintiff's use of supplemental oxygen and RFC are thoroughly set forth in the Magistrate Judge's Report and Recommendation. Facts that are relevant to this Court's decision will be incorporated into the analysis below.

### III. STANDARD OF REVIEW

Upon objection, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). A district court may remand a final decision of the Commissioner only as provided in sentences four and six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 90 (1991); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 173-74 (6th Cir. 1994). The fourth sentence of section 405(g) allows a district court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  The sixth sentence allows for a prejudgment remand for further action by the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)*; Cotton v. Sullivan,* 2 F.3d 692, 695-96 (6th Cir. 1993).

4

This Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

In determining whether the Commissioner's findings are supported by substantial evidence, the court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th. Cir. 1980)). The Court may review any evidence in the record to determine if the ALJ's decision is based on substantial evidence, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, in the Sixth Circuit, evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial-evidence review. 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).[3]

---

[3] There is a circuit split on this issue. The Second, Fourth, Eighth, Ninth, and Tenth Circuits have held that a district court must consider new evidence submitted to the Appeals Council in its review of the ALJ's final decision. *See Perez v. Chater*, 77 F.3d 41, 44-45 (2d Cir. 1996); *O'Dell v. Shalala*, 44 F.3d 855, 858-59 (10th Cir. 1994); *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994); *Ramirez v. Shalala*, 8 F.3d 1449, 1454 (9th Cir. 1993); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Wilkins v. Sec'y of Dep't of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). In contrast, the First, Third, Sixth, Seventh, and Eleventh Circuits have held that a district court may not review new evidence presented to the Appeals Council when the Appeals

Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). The "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## IV.  ANALYSIS

In her Statement of Errors, Plaintiff presented the sole argument that the ALJ erred by rejecting the opinion of a treating source regarding Plaintiff's need for supplemental oxygen and failing to include that restriction in her RFC finding. (Doc. 11 at 6.) The record shows that the ALJ considered Plaintiff's April 2011 prescription from Dr. Humphrey for oxygen after a four-day hospitalization for bronchitis and acute exacerbation of asthma. (Doc. 10-2 at 90.) However, the ALJ concluded that the "need for *continuous* supplemental oxygen is uncorroborated by the medical evidence of record." (*Id*. at 91.) (emphasis added). The ALJ provided an explanation for giving little weight to the oxygen prescription and further supported the conclusion by citing other substantial, inconsistent evidence that weighed heavily against a finding that Plaintiff needed supplemental oxygen. (*Id*. at 86-93.)

---

Council has denied review of the ALJ's decision. *See Mills v. Apfel*, 244 F.3d 1, 4 (1st Cir. 2001); *Matthew v. Apfel*, 239 F.3d 589, 593-94 (3d Cir. 2001); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) *cert. denied,* 525 U.S. 1124 (1999); *Cline v. Comm'r*, 96 F.3d 146, 148 (6th Cir. 1996); *Eads v. Sec'y of Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

The Magistrate Judge agreed with the ALJ that the supplemental oxygen prescription from this hospitalization was not a treating-source opinion and did not warrant controlling weight. (Doc. 16 at 8.) The Magistrate Judge recommended that the Plaintiff's Statement of Errors be overruled because there was substantial evidence in the record that Plaintiff did not require continuous oxygen. (*Id*. at 10.) In her objection to the Magistrate Judge's Report and Recommendation, Plaintiff reiterated her argument that the 2011 prescription came from a treating source and "unequivocally supports a finding" that she has required prescription oxygen since April 2011. (Doc. 17 at 2, 4.)

### A. Nontreating Physicians' Opinions

*1. Standard*

Evidence of impairments may be provided by treating sources and nontreating sources. 20 C.F.R. § 404.1502. A treating source is a "medical professional" who is "most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from . . . reports of individual examinations such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). A nontreating source is one "who has examined" but "does not have, or did not have, an ongoing treatment relationship" with the plaintiff. 20 C.F.R. § 404.1502. An on-going treatment relationship exists when the Plaintiff has seen the source "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [Plaintiff's] medical condition." *Id*.

When reviewing the record, every opinion is evaluated together with other relevant evidence. 20 C.F.R. § 404.1527(b), (c). An ALJ "must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and

7

laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). Unless the opinion is from a treating source and is given controlling weight, the following factors are considered in deciding the weight to give any medical opinion: examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. § 404.1527(c).

### 2. Dr. Humphrey's Opinion

In April 2011, Plaintiff was discharged from a four-day hospitalization. (Doc. 10-8 at 93.) Dr. Humphrey stated in her discharge summary: "At this time she will remain on oxygen therapy on a continuous basis." (*Id.*) Dr. Humphrey did not have an "ongoing treatment relationship" or "longitudinal perspective" because the record does not indicate that he provided Plaintiff any treatment before or after this "brief hospitalization." *See* 20 C.F.R. § 404.1527(c)(2). Accordingly, the Court agrees with the Magistrate Judge that the ALJ properly considered Dr. Humphrey's opinion as a nontreating-source opinion.

The ALJ provided the following explanation for according little weight to Dr. Humprhey's opinion:

> The record is replete with references to [Plaintiff's] noncompliance with CPAP therapy…Indeed, the record shows the claimant using CPAP only 30% of the time. Furthermore, despite her respiratory allegations, she continues to smoke both tobacco and cannabis. This demonstrates a possible unwillingness to do that which is necessary to improve her condition. It may also be an indication that his [sic] symptoms were not as disabling as she purported...[N]either the medical record nor the claimant's admitted ongoing smoking habit corroborate her use of continuous supplemental oxygen. Consequently, the claimant's use of supplemental oxygen is given only slight weight in reaching the conclusion regarding the credibility of claimant's allegations and the claimant's residual functional capacity.

(Doc. 10-2 at 92, 94.)

As support for this conclusion, the ALJ cited detailed, persuasive evidence in the record that contradicted Dr. Humphrey's opinion that Plaintiff needed continuous oxygen, including: (1) notes from December 2012 through August 2013 by Plaintiff's primary care physician, Dr. Murray, that provide a longitudinal perspective and mention "scattered wheezes" during an "otherwise normal exam," yet fail to mention any use of supplemental oxygen (*id*. at 92); (2) findings by Plaintiff's pulmonologist, Dr. Mella, of "mild COPD" after a six-minute walk test in April 2012 that showed oxygen desaturation that was insufficient to warrant a prescription for continuous oxygen (*id*. at 92); (3) evidence from two agency medical consultants who concluded that Plaintiff could "stand and/or walk two hours…during an eight-hour day," (*id*. at 92-93); (4) Plaintiff's own statements that she smokes half a pack of cigarettes daily and cannabis "approximately once per month," and that she "has not always been compliant with her oxygen" (*id*. at 89); and (5) evidence of Plaintiff's noncompliance with medical advice including smoking and CPAP usage. (*Id*. at 92.) The ALJ therefore concluded that the record did not "corroborate Plaintiff's use of supplemental oxygen" and that Plaintiff's statements about the "intensity, persistence and limiting effects" of her symptoms were not entirely credible. (*Id*. at 89, 91.) The Magistrate Judge found that the ALJ's decision was supported by substantial evidence, stating that a "reasonable person, when viewing all the evidence on this issue," could reach the "same conclusion the ALJ did." (Doc. 16 at 9.); *see also Richardson*, 402 U.S. at 401; *Ellis*, 739 F.2d at 248.

The ALJ also acknowledged that some evidence supported Dr. Humphrey's opinion, including that Plaintiff's appearance at the ALJ hearing using supplemental oxygen, pharmacy records indicating a delivery of supplemental oxygen, and evidence of decreased oxygen saturation including during a May 2012 six-minute walk test. (Doc. 10-2 at 91-92.)  However,

9

the Court agrees with the Magistrate Judge that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff did not need continuous oxygen and that reversal is not warranted merely because there exists some evidence in the record to support a different conclusion. *See Buxton,* 246 F.3d at 772.

### B. New and Material Evidence

In Plaintiff's reply to the Commissioner's Opposition to her Statement of Errors, she cited, for the first time on December 31, 2015, the results of two additional six-minute walk tests administered after the ALJ hearing and not made available to the ALJ before he issued his written decision in January 2014. (Doc. 15 at 2.) Plaintiff argued in her Objection to the Report and Recommendation that the Magistrate Judge erred in failing to address this evidence as "new and material." (Doc. 17 at 3.) Plaintiff also contends this evidence was "necessary" to clarify any confusion regarding Plaintiff's "inability to complete the May 2012 six-minute walk test." (*Id.*) The Magistrate Judge indeed addressed the post-hearing evidence in his Report and Recommendation but did not find that it warranted remand. (*See* Doc. 16 at 4.)

*1. Standard*

Plaintiff bears the burden of showing that a sentence six remand is appropriate. *Foster*, 279 F.3d at 357 (citing *Oliver v. Sec'y of Health & Human Servs.,* 804 F.2d 964, 966 (6th Cir.1986)). A sentence six remand is appropriate only upon a showing that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Cline*, 96 F.3d at 148; *Cotton,* 2 F.3d at 695–96. Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding," *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990), and "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the

10

disability claim if presented with the new evidence," *Foster*, 279 F.3d at 357 (citing *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir.1988)). A plaintiff shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 554 (6th Cir. 1984) (per curiam). The Sixth Circuit has taken a "harder line" on the good cause test. *Willis,* 727 F.2d at 554; *Oliver*, 804 F.2d at 966 (holding that plaintiff must give a valid reason for his failure to obtain a medical evaluation prior to the hearing). Failing to obtain relevant examinations or elicit medical testimony prior to the ALJ hearing is not good cause. *Id*. In *Bass v. McMahon,* the Sixth Circuit also found a lack of good cause when nothing in the record indicated claimant did not seek to have the record remain open until such time as other evidence could be made part of the record. 499 F.3d 506, 513 (6th Cir. 2007).

  The district court may not consider new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. *Cline*, 96 F.3d at 148 (citing *Cotton,* 2 F.3d at 695–96). The district court may consider such evidence only for the limited purpose of determining if a sentence six remand is warranted.  *Cotton*, 2 F.3d at 696 (citing *Eads v. Sec'y of Dep't of Health & Human Servs.*, 983 F.2d 815 (7th Cir. 1993)). In a sentence six remand, the court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan*, 501 U.S. at 98; *Faucher,* 17 F.3d at 175. Where there is new evidence available to the Appeals Council yet the Council "has refused to review the case," the decision reviewed in the courts is the decision of the ALJ.  *Cotton,* 2 F.3d at 696 (6th Cir. 1993) (citing *Eads*, 983 F.2d at 817).

### 2. Plaintiff's Two Additional Walk Tests

  Plaintiff's evidence meets the definition of "new" under the sentence six standard for evidence. She underwent two additional six-minute walk tests after the October 22, 2013 ALJ

11

hearing. One of the tests was conducted on January 7, 2014 and its results were added on May 7, 2015 to the administrative record by the Appeals Council because the test was conducted prior to the January 23, 2014 ALJ decision.[4] Because the test results were not available until after the hearing date, this evidence satisfies the "new" element. *Melkonyan,* 501 U.S. at 98.

The next issue is whether the Plaintiff's new evidence meets the good cause standard for a sentence six remand. The test results were not acquired or presented prior to the October 2013 proceeding because the test was not administered until January 7, 2014. However, the Sixth Circuit has taken a "harder line" on the good cause test and has held that a plaintiff must give a valid reason for his failure to obtain evidence prior to the hearing. *Oliver*, 804 F.2d at 966. Plaintiff stated in her Objection to the Magistrate's Report and Recommendation that she did not repeat the six-minute walk test because her "oxygen prescription was not recalled." (Doc. 17 at 3.) After Plaintiff's May 2012 six-minute walk test (which showed some desaturation but not enough to warrant prescription oxygen), Plaintiff cancelled a follow up appointment with Dr. Mella in December 2012 and failed to reschedule it. (Doc. 10-2 at 129.) At the hearing, Plaintiff told the ALJ, "I don't know why I just never got around…to seeing him." (*Id*.)

Further, the record does not indicate that Plaintiff sought to have the record remain open until (or be reopened when) the new evidence was acquired from pulmonologist Dr. Francis Lee. Notably, Plaintiff requested that the administrative record remain open for two weeks after the ALJ hearing so she could submit missing medical records from her April 4, 2013 and May 2, 2013 visits to her primary care physician, Dr. Murray. (Doc. 10-2 at 107-109, 140.) It is also notable that these

---

[4] The Appeals Council only included in the record the results from the January 7, 2014 test. The second test was conducted after the relevant dates for Plaintiff's disability claim (February 12, 2011, the date of alleged onset, through the date of the ALJ's decision, January 23, 2014).

12

additional records did not indicate Plaintiff's need for (or use of) supplemental oxygen. (Doc. 10-8 at 143-184.)

Although it was available earlier, Plaintiff waited until October 2014 to submit this new evidence from a treating specialist. The January 7, 2014 six-minute walk test indicates that Dr. Lee signed the report on January 9, 2014, two days after administering the test and two full weeks prior to the ALJ's decision, but Plaintiff failed to alert the ALJ that she planned to undergo new tests, that she awaited the results, or that the results were available. On March 19, 2014, Plaintiff filed a timely request to the Appeals Council. (Doc. 10-6 at 62.) Plaintiff stated that her list of errors was "not exhaustive" but included "the more significant errors" as a basis for remand or reversal. Plaintiff again made no mention of this new evidence as a basis. The record indicates that Plaintiff did not supply these records to the Appeals Council until October 2014. (Doc. 10-2 at 18, 42.) Since Plaintiff apparently believed the walk test evidence was vital to her claim but did not notify the ALJ that she wished to submit this evidence, she has failed to show good cause to excuse the failure to present this evidence in the proceedings. *Bass*, 499 F.3d at 513.

Even if the good cause test is deemed satisfied, Plaintiff cannot show that the evidence is material. The January 7, 2014 walk test is of limited probative value regarding Plaintiff's continuous oxygen dependence from February 12, 2011 through January 23, 2014. Although the test results shows desaturation that required supplemental therapy, because of Plaintiff's on-going smoking and noncompliance with her CPAP machine—two issues repeatedly cited by treating pulmonologists as decreasing her oxygen levels[5]—there is no "reasonable probability" that the Commissioner would have reached a different disposition if presented with this new evidence. *Foster*, 279 F.3d at 357.

---

[5] The "new" evidence from January 7, 2014 indicated Plaintiff had not used her CPAP machine for more than one year because her "dog ate it." (Doc. 16 at 4.)

13

## V. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's Objections.   This case is **DISMISSED**.  The Clerk is directed to enter Judgment in favor of the Commissioner.

**IT IS SO ORDERED.**

           **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 18, 2016**